UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-394-BR

| | |
|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Non-Profit Corporation, and DENISE PAYNE, Individually, )))))) | |
| Plaintiffs, ) | |
| v. ) | ORDER |
| ) | |
| BELK, INC., a Delaware Corporation, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the 2 August 2012 motion to dismiss (DE # 11) filed by defendant Belk, Inc. ("defendant"). The motion has been fully briefed and is ripe for disposition.

## I. BACKGROUND

Plaintiff Denise Payne ("Payne") is a resident of Florida. (Compl., DE # 1, ¶ 7.) Payne has cerebral palsy, which renders her unable to walk or stand. (Id. ¶ 21; D. Payne Aff., DE # 15-1, ¶ 5.) She requires a wheelchair for mobility. (Id.) Plaintiff National Alliance for Accessibility, Inc. ("National Alliance")[1] is a Florida non-profit corporation, based in Port Richey, Florida. (Compl., DE # 1, ¶ 8.) National Alliance "represent[s] the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities." (Id. ¶ 22.) Payne is the founder of National Alliance, and she is in the process of establishing local chapters of the organization in several cities in North Carolina. (Id. ¶¶ 8, 21; D. Payne Aff., DE # 15-1, ¶¶ 6, 11.)

---

[1] For the sake of convenience, Payne and National Alliance will be collectively referred to as "plaintiffs."

Payne "has visited North Carolina nine times in the past few years . . . ." (Compl., DE # 1, ¶ 21.) She travels to North Carolina "several times a year to visit and meet with friends" (id.) and to "coordinate recruitment of other members to join [National Alliance]" (D. Payne. Aff., DE # 15-1, ¶ 11). In October 2011, Payne visited the area of Fayetteville, North Carolina. (Compl., DE # 1, ¶ 21.) During this trip, Payne visited defendant's store located at 200 Cross Creek Mall in Fayetteville. (Pls.' Mem. Opp'n Mot. Dismiss, DE # 15, at 6 & Ex. 2, DE # 15-2; D. Payne Aff., DE # 15-1, ¶ 3.) While there, she encountered "access barriers" that kept her from being able "to fully and equally enjoy the benefits and services of the Belk store." (Compl., DE # 1, ¶ 23.) The barriers that Payne encountered related, *inter alia*, to the lack of an accessible entrance and accessible paths of travel inside the store, the lack of access to goods and services, and problems with the restrooms. (Id. ¶¶ 24, 26.)

On 28 June 2012, plaintiffs filed this action pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. They allege that defendant has discriminated against them "by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the store, as prohibited by [the ADA]." (Id. ¶ 32.) Plaintiffs further claim that defendant's failure to remedy the alleged ADA violations at the store constitutes continuing discrimination. (Id. ¶ 40.)

On 2 August 2012, defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that plaintiffs do not have Article III standing to assert their claims. (DE # 11.) Plaintiffs filed a response to the motion on 22 August 2012. (DE # 14.) Defendant did not file a reply.

## II. DISCUSSION

A challenge to standing is properly considered as a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See, e.g., White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479-80 (4th Cir. 2005). Subject matter jurisdiction may be challenged at any time, and if it is lacking the case must be dismissed. See Fed. R. Civ. P. 12(h)(3). In considering a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Plaintiffs, as the party asserting that this court has subject matter jurisdiction, must prove that subject matter jurisdiction exists. See, e.g., id.; Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Where, as here, the defendant has not provided evidence to dispute the veracity of the jurisdictional allegations in the complaint, the court accepts the facts alleged in the complaint as true just as it would under Federal Rule of Civil Procedure 12(b)(6). Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. See U.S. Const. art. III § 2; Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 629 F.3d 387, 396 (4th Cir. 2011). The doctrine of "standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). "This requirement ensures that a plaintiff has a personal stake in the outcome of a dispute, and that judicial resolution of the dispute is

appropriate." Gaston Copper, 629 F.3d at 396.  To satisfy the "irreducible constitutional minimum of standing," a plaintiff must make three showings.  Lujan, 504 U.S. at 560.  First, she must show an "injury in fact," meaning "a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  Id. (citations, footnote, and internal quotation marks omitted).  Second, she must show "a causal connection between the injury and the conduct complained of."  Id.  Finally, she must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  Id. at 561 (citation and internal quotation marks omitted).

Where, as here, a plaintiff seeks injunctive relief, "the 'injury in fact' element of standing requires more than simply an allegation of defendant's prior wrongful conduct."  Harty v. Luihn Four, Inc., 747 F. Supp. 2d 547, 551 (E.D.N.C. 2010) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 103 (1983)), aff'd, 453 F. App'x 347 (4th Cir. 2011) (per curiam) (unpublished).  Instead, a plaintiff must show "a substantial likelihood of future harm."  Id. at 552 (emphasis omitted).  In other words, "to establish standing to pursue injunctive relief . . . under the ADA, [the plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future."  Chapman v. Pier I Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (quoting O'Shea v. Littleton, 414 U.S. 488, 496 (1974)); see also Shotz v. Cates, 256 F.3d 1077, 1081-82 (11th Cir. 2001).

A plaintiff's "profession of an 'inten[t]' to return to the places [she] had visited before" is not enough to establish standing to seek injunctive relief.  Lujan, 504 U.S. at 564 (first alteration in original).  "Such 'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or

4

imminent' injury" required by the Constitution.  Id. (emphasis omitted).  In determining whether a plaintiff has demonstrated a real and immediate threat of future harm as required to bring an ADA claim, this court has at times considered, among other things, the following four factors: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definiteness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel.  See, e.g., Payne v. Sears, Roebuck & Co., No. 5:11-CV-614-D, 2012 WL 1965389, at *3 (E.D.N.C. May 31, 2012); Nat'l Alliance for Accessibility, Inc. v. Waffle House, Inc., No. 5:10-CV-375-FL, 2011 WL 2580679, at *2 (E.D.N.C. June 29, 2011).  But cf. Daniels v. Arcade, L.P., 477 F. App'x 125, 129 (4th Cir. 2012) (unpublished) (declining to formally endorse four-factor test as it was not helpful under the circumstances of that particular case).

In this case, the objective facts before the court demonstrate that Payne lacks standing. Payne's Florida residence, presumably located in Broward County (see Pls.' Mem. Opp'n Mot. Dismiss, DE # 15, at 6), is more than seven hundred miles away from defendant's store.  Payne has informed the court of no definitive plans, past or present, to return to defendant's store. Instead, she has merely asserted that she would be in Fayetteville again in the fall of 2012 and that she planned to visit defendant's store again during that trip. (Compl., DE # 1, ¶ 21 ("Payne will be returning to the store in September 2012 when she is in Fayetteville."); Pls.' Mem. Opp'n Mot. Dismiss, DE # 15, at 3 (Payne "had planned to return in September 2012, and this has been pushed a few days and she is returning rather, in October 2012."); D. Payne Aff., DE # 15-1, ¶ 12 ("I intend to return again in October, 2012.").)  In all relevant respects, this action is indistinguishable from those dismissed in five recent decisions in this district, wherein Payne had

alleged nothing more than a planned May 2012 visit to either Fayetteville or Cary, North Carolina and her desire to visit the establishments in question on that visit. See Nat'l Alliance for Accessibility, Inc. v. Big Lots Stores, Inc., No. 5-11-CV-741-FL, 2012 WL 3835870 (E.D.N.C. Sept. 4, 2012); Payne v. Tri-Player Invs., LLC, No. 5:12-CV-115-BO, DE # 30 (E.D.N.C. Aug. 7, 2012); Nat'l Alliance for Accessibility, Inc. v. Paris & Potter Mgmt. Corp., No. 5:12-CV-86-BO, DE # 22 (E.D.N.C. Aug. 7, 2012); Payne v. Eutaw Shopping Ctr., Inc., No. 5:11-CV-765-BO, DE # 42 (E.D.N.C. Aug. 3, 2012); Nat'l Alliance for Accessibility, Inc. v. Nassimi Amsterdam Dev., L.P., No. 5:11-CV-769-BO, DE # 28 (E.D.N.C. Aug. 1, 2012).

The additional fact that Payne appears to travel to North Carolina two or three times per year is not sufficient to compel a different result here. (See D. Payne Aff., DE # 15-1, ¶ 10.) See, e.g., Nat'l Alliance for Accessibility, Inc. v. Rite Aid of N.C., Inc., No. 1:10CV932, 2011 WL 4499294, at *9 (M.D.N.C. Sept. 27, 2011) ("[A] plaintiff's general travel to a state does not support a finding that said plaintiff has demonstrated a threat of future harm related to a specific establishment within the state."). Finally, the court also notes the existence of thirteen additional cases in which other courts in this district have reached the same result on the basis of comparable reasoning.[2]

---

[2] These cases are: (1) Payne v. AAC Invs., Inc., No. 5-12-CV-264-F, 2013 WL 791261 (E.D.N.C. Mar. 4, 2013); (2) Nat'l Alliance for Accessibility, Inc. v. Waffle House, Inc., No. 5:12-CV-402-D, 2013 U.S. Dist. LEXIS 4534 (E.D.N.C. Jan. 11, 2013); (3) Nat'l Alliance for Accessibility, Inc. v. Variety Stores, Inc., No. 5-12-CV-133-D, 2013 U.S. Dist. LEXIS 4528 (E.D.N.C. Jan. 11, 2013); (4) Harty v. Lumber River Assocs., LLC, No. 7-11-CV-146-FL, 2012 WL 3870370 (E.D.N.C. Sept. 6, 2012); (5) Nat'l Alliance for Accessibility, Inc. v. NCP Western Blvd. LLC, 5:11-CV-357-FL, 2012 WL 3834931 (E.D.N.C. Sept. 4, 2012); (6) Payne v. TR Assocs., LLC, 880 F. Supp. 2d 702 (E.D.N.C. 2012); (7) Sears, 2012 WL 1965389; (8) Nat'l Alliance for Accessibility, Inc. v. Waffle House, Inc., No. 5:10-CV-385-D, 2011 WL 4544017 (E.D.N.C. Sept. 29, 2011); (9) Nat'l Alliance for Accessibility, Inc. v. Waffle House, Inc., No. 5:10-CV-375-FL, 2011 WL 2580679 (E.D.N.C. June 29, 2011); (10) Harty v. Tathata, Inc., No. 5:10-CV-113-WW, 2011 WL 1261313 (E.D.N.C. Mar. 31, 2011); (11) Harty v. 42 Hotel Raleigh, LLC, No. 5:10-CV-60-WW, 2011 WL 1252877 (E.D.N.C. Mar. 30, 2011); (12) Access for the Disabled, Inc. v. Karan Krishna, LLC, No. 5:10-CV-123-WW, 2011 WL 846854 (E.D.N.C. Mar. 8, 2011), aff'd, 453 F. App'x 419 (4th Cir. 2011) (per curiam) (unpublished); and (13) Luihn Four, 747 F. Supp. 2d 547. But cf. Payne v. Boston Market Corp.,
(continued...)

Payne further argues that the test for Article III standing for injunctive relief, as applied in ADA cases such as hers, violates the language of the ADA itself. However,

> Ms. Payne misperceives the proper roles of the Constitution and federal legislation. . . . Congress can properly extend standing, through legislation, to the limits of Article III of the Constitution, but those limits still remain and must be satisfied in every case. . . . Thus, regardless of how broadly the language of the ADA sweeps, every plaintiff must allege an injury under Article III before a federal court can decide her case. In other words, ADA plaintiffs – even self-proclaimed "testers" – must satisfy the "irreducible constitutional minimum" of standing. Lujan, 504 U.S. at 560.
>
> Here, despite her lack of an "injury in fact," Ms. Payne claims that the language of the ADA confers standing upon her. However, when Ms. Payne has failed to allege an "injury in fact," she cannot seek refuge in the language of the ADA when Article III restricts a federal court from hearing her grievance.

Payne v. TR Assocs., LLC, 880 F. Supp. 2d 702, 707 (E.D.N.C. 2012) (citation omitted).

Having determined that Payne lacks standing to bring suit, the court concludes that National Alliance lacks associational standing. An organization such as National Alliance has associational standing in a case such as this if it can demonstrate that (1) at least one individual member of the organization has standing to sue in his or her own right; (2) the interests the organization seeks to protect are germane to its purposes; and (3) neither the claim asserted nor the relief requested requires participation of individual members. Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977); Gaston Copper, 629 F.3d at 397; Retail Indus. Leaders Ass'n v. Fielder, 475 F.3d 180, 186 (4th Cir. 2007). Here, the only member of National Alliance who is specifically identified in the record is Payne. Because Payne does not have standing to sue in her own right, National Alliance cannot meet the first prong of the

---

²(...continued)
No. 5:12-CV-354-H, 2013 U.S. Dist. LEXIS 33691 (E.D.N.C. Mar. 12, 2013); Harty v. Pa. Real Estate Inv. Trust, No. 7:11-CV-16-H, 2012 U.S. Dist. LEXIS 18693 (E.D.N.C. Feb. 15, 2012); Harty v. Waffle House, Inc., No. 7:11-CV-138-D, 2011 U.S. Dist. LEXIS 112430 (E.D.N.C. Sept. 30, 2011).

associational standing test.  See, e.g., Nat'l Alliance for Accessibility, Inc. v. Triad Hospitality Corp., No. 1:11-cv-527, 2012 WL 996661, at *8 (M.D.N.C. Mar. 23, 2012).  Furthermore, because National Alliance's suit against defendant to enforce ADA compliance appears to be the consummation of the organization's purpose, National Alliance has not alleged an injury to the organization itself and therefore lacks organizational standing.  See, e.g., Nat'l Alliance for Accessibility, Inc. v. Variety Stores, Inc., No. 5-12-CV-133-D, 2013 U.S. Dist. LEXIS 4528, at *2 (E.D.N.C. Jan. 11, 2013); Goldstein v. Costco Wholesale Corp., 278 F. Supp. 2d 766, 769-72 (E.D. Va. 2003); Clark v. Burger King Corp., 255 F. Supp. 2d 334, 344 (D.N.J. 2003).

### III.  CONCLUSION

In sum, plaintiffs have not alleged facts that establish Article III standing.  As a result, the court does not have subject matter jurisdiction over plaintiffs' claims.  Therefore, defendant's motion to dismiss the complaint (DE # 11) is GRANTED.  The Clerk is DIRECTED to enter judgment in favor of defendant and close the case.

This 18 March 2013.

						_____
						W. Earl Britt
						Senior U.S. District Judge

8

Case 5:12-cv-00394-BR   Document 22   Filed 03/18/13   Page 8 of 8